UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANETTE TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-1894 |
| v. ) | |
| ) | Judge John W. Darrah |
| CITY OF CHICAGO, a Municipal ) | |
| Corporation, and SONYA CAMPBELL, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

On February 2, 2016, Plaintiff filed a Complaint against the City of Chicago and Sonya Campbell, alleging violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss [12] the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons discussed below, Defendants' Motion to Dismiss [12] is granted.

## BACKGROUND

The following factual allegations are drawn from the Complaint filed by Plaintiff Nanette Tucker and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). On February 3, 2015, Plaintiff purchased a vacant plot of land located at 6132 S. Bishop in Chicago. (Compl. ¶¶ 16, 19.) On December 4, 2015, Plaintiff received a Notice of Violation ("NOV"). *Id*. ¶¶ 2, 16, 18, 22-24. The NOV was based on a June 3, 2015 inspection of Plaintiff's vacant lot and indicated that "weeds are greater than 10 inches in height," violating Chicago Municipal Ordinance § 7-28-120(a) ("Ordinance"). *Id*. ¶¶ 16, 22-24. The NOV was signed by an inspector from the City of Chicago Department of Streets and Sanitation, Sonya Campbell. *Id*. ¶¶ 2, 18,

23-24. The Ordinance provides that "any person who owns or controls property within the city must cut or otherwise control all weeds on such property so that the average height of such weeds does not exceed ten inches." Municipal Code of Chicago § 7-28-120(a).

Plaintiff filed a written request for a hearing to contest the NOV before an administrative law judge ("ALJ") of the City's Department of Administrative Hearings ("DOAH"). *Id.* ¶ 27. The DOAH held a hearing on December 29, 2015. *Id.* ¶ 28. At the hearing, the City of Chicago (the "City") presented as evidence the sworn NOV issued by Campbell and photographs taken by Campbell of the property at the time of the inspection in June. *Id.* ¶¶ 28-30. Plaintiff was represented by counsel at the hearing. *Id.* ¶ 31. Her attorney argued that the City ignored the average height requirement of the Ordinance and delayed issuing the NOV in violation of Plaintiff's due-process rights. *Id.* The hearing officer found that the City prevailed and entered a finding of liability against Plaintiff due to "uncut weeds" and assessed a fine of $600 plus $40 in costs. *Id.* ¶¶ 32-33.

Plaintiff asserts several claims pursuant to 42 U.S.C. § 1983. Count I is a claim against Campbell "in her individual/personal capacity" for arbitrarily issuing the NOV in violation of the Fifth and Fourteenth Amendments. *Id.* ¶¶ 18, 41-42. In Count II, Plaintiff alleges that her due-process rights were violated because "the phrase 'average height of such weeds' is completely ignored in all aspects of the enforcement process, affecting and infecting the prosecution of every case involving the Chicago Weeds Ordinance." *Id.* ¶ 44. In support of this allegation, Plaintiff alleges that Campbell "made no attempt to determine the average height of weeds on [her] property, thereby violating Plaintiff's due-process rights through issuance of [an NOV] not authorized by written law." *Id.* ¶ 25.

In Count III, Plaintiff alleges that her due-process rights were also violated by "the failure to timely serve [the NOV]," affecting her ability "to prepare a defense to such charges." *Id*. ¶ 47. She alleges that "[d]ue to the passage of time . . . Plaintiff was actually prejudiced in her ability to investigate the facts related to the alleged violation and in her ability to make any measurements of the average height of the vegetation on her lot at or near to the time of the inspection." *Id*. ¶ 26. Finally, Count IV, labeled "Failure to Train," attributes the alleged due-process violations to the City's failure to train its employees in the proper enforcement of the Ordinance. *Id*. ¶¶ 50-53.

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts that make it plausible for the defendant to be held liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 679. When evaluating a Rule 12(b)(6) motion, the complaint's well-pleaded factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

# ANALYSIS

## *Count I – Due-Process Claim Against Campbell*

Count I of the Complaint alleges a section 1983 claim against Campbell for failing to timely serve the NOV. Defendants argue that Count I against Campbell in her personal capacity should be dismissed under the doctrine of qualified immunity.

A plaintiff may bring a section 1983 claim against a government actor in the actor's official capacity or in his individual capacity. *See Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). However, the qualified immunity doctrine "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). The doctrine balances "two important interests — the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231.

"[A] complaint may be dismissed under Rule 12(b)(6) on qualified immunity grounds where the plaintiff asserts the violation of a broad constitutional right that had not been articulated at the time the violation is alleged to have occurred. In that case . . . a court may properly address this purely legal question under Rule 12(b)(6)." *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000). *See also Landstrom v. Ill. Dept. of Children and Family Servs.*, 892 F.2d 670, 675 n.8 (7th Cir. 1990) (Rule 12(b)(6) dismissal based on qualified immunity was proper because "plaintiffs' initial pleadings themselves, taken as true, fail to adequately allege the violation of any clearly established right"); *McGreal v. AT&T Corp.*, 892

F. Supp. 2d 996, 1012 (N.D. Ill. 2012) ("Qualified immunity can be grounds for a Rule 12(b)(6) dismissal.").

Plaintiff bears the burden of overcoming Campbell's qualified immunity defense. *See Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2000). Plaintiff must establish two elements: "first, that the facts alleged describe a violation of a protected right; and second, that this right was clearly established at the time of the defendant's alleged misconduct." *Mordi v. Zeigler*, 770 F.3d 1161, 1164 (7th Cir. 2014); *see also Pearson*, 555 U.S. at 232. Under *Pearson*, district courts have the discretion to decide which of the two prongs should be addressed first, taking into account the particular circumstances of each case. *Id.* 555 U.S. at 236.

Plaintiff argues that Campbell violated her rights by depriving Plaintiff access to a prompt and meaningful hearing without providing a basis or explanation detailing how Campbell deprived Plaintiff such access. Plaintiff does not explain how, exactly, Campbell violated Plaintiff's rights or whether Campbell was on notice that she purportedly violated Plaintiff's rights.

In this regard, no Supreme Court or Seventh Circuit case law would have informed Campbell that she was required, by due process, to measure and calculate the average height of the weeds on Plaintiff's property before issuing an NOV. That is because, as noted more fully below, the Seventh Circuit has commented that inspectors do not precisely measure weeds on a property and calculate the average. *Disc. Inn, Inc. v. City of Chicago,* 803 F.3d 317, 327 (7th Cir. 2015). Given the state of the law, Campbell violated no clearly established constitutional rights in issuing Plaintiff an NOV. Campbell is entitled to qualified immunity for her actions. Therefore, dismissal of the claim against Campbell at this stage of the proceedings is proper.

5

*Count II – Due-Process Claim for Misenforcement*

In Count II, Plaintiff asserts a claim for alleged violation of her procedural due-process rights with respect to the Ordinance's language regarding "the average height of such weeds." [1] Plaintiff asserts that this language was ignored when the Ordinance was enforced against her and that Campbell failed "to determine the average height of weeds" on her property before issuing her the NOV. Compl. ¶¶ 25, 44. Plaintiff also alleges that the ALJ did not make a finding as to the average height of weeds on Plaintiff's property. *Id*. ¶ 33.

Defendants move to dismiss Count II of the Complaint on the basis that Count II does not state a procedural due-process claim. To state a procedural due-process claim under section 1983, a plaintiff must allege (1) deprivation of a protected interest and (2) insufficient procedural protections surrounding that deprivation. *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008).

It is well-established that due process requires notice and an opportunity for a hearing before the government may deprive a person of property. *Mathews v. Eldridge*, 424 U.S. 319, 348-49 (1976). The City does not dispute that Plaintiff has an interest in the $640 she spent to pay the fine plus costs. Accordingly, the question at issue is whether Plaintiff alleged insufficient procedural protections preceding the deprivation of a property right. Determining what procedures are required to ensure due process entails balancing: "(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest." *Mathews*, 424 U.S. at 335.

---

[1] Plaintiff's Complaint does not make clear whether she asserts a substantive or procedural due-process claim. However, Plaintiff's Response brief clarifies that she is asserting a procedural due-process claim. (Resp. Br. at pp. 1, 7.)

Here, the private interest affected by the City's actions is a municipal fine. The amount of the fine in this case, $640, is not insignificant; but the Seventh Circuit has noted that monetary interests are "less significant" than interests such as the loss of employment or livelihood and require fewer procedural safeguards. *See Clancy v. Office of Foreign Assets Control of U.S. Dept. of Treasury*, 559 F.3d 599, 600 (7th Cir. 2009) (noting that a fine is less significant than the loss of a job or the means of a person's livelihood). Thus, the City provides a means to contest fines imposed by inspectors via a hearing before the DOAH to obviate the risk of an error before assessing a fine.

In Plaintiff's Complaint, Plaintiff admits that she received an NOV on or about December 4, 2015, notifying her of an administrative hearing before the City of Chicago Department of Administrative Hearings set for December 29, 2015. Plaintiff also admits that the NOV referenced the Ordinance and that a notation on the NOV indicated that the weeds on Plaintiff's property were "greater than 10 inches in height." Plaintiff alleges that she requested and attended the hearing, during which she argued that the City has a policy of ignoring the average height requirement of the Ordinance and delays issuing NOVs in violation of Plaintiff's due-process rights.

The Complaint's allegations appear to support the position that the "average height" language was addressed by the City at the hearing and, therefore, considered by the ALJ. Plaintiff alleges in the Complaint that, at the hearing, the City presented its case, relying on the language of the NOV and photographs of the Plaintiff's property taken by Campbell to support its position that the "average height" of weeds on the Plaintiff's property was greater than 10 inches. Plaintiff also alleges that the ALJ enforced the Ordinance against Plaintiff at the Administrative Hearing based on the City's submissions.

7

In another case challenging the constitutionality of the Ordinance on different grounds, *Disc. Inn,* 803 F.3d at 321, the Seventh Circuit explained that inspectors probably do not measure and calculate the average height of weeds on a property before issuing a violation notice, reasoning that "[t]here is the difficulty of calculating the average height (which remember is not to exceed ten inches) of the weeds in what may be a large lot. We assume that the City employees who enforce the ordinance do not attempt precise measurement, but instead make a rough estimate of the average height of the weeds; there seems no practicable alternative — imagine trying to measure the height of each weed in a lot and then averaging the heights of all the weeds." *Disc. Inn*, 803 F.3d at 320. The appellate court continued, "[i]t's amusing to think of hundreds of civil servants fanning out across Chicago, each clutching a ruler plus a calculator (to determine the average of all the measurements that the investigator takes of the vegetation on a given lot) . . . . Such a deployment of the City's employees would be a preposterous use of public resources." The Seventh Circuit noted that compliance with the Ordinance may be difficult, "[b]ut difficulty of compliance is not a persuasive ground for deeming the ordinance unconstitutional." *Id.* at 327.

Plaintiff fails to plead facts in the Complaint supporting her position that she was deprived of her procedural due-process rights because the City and the ALJ ignored the "average height" language in the Ordinance. Plaintiff was provided notice and requested, attended and participated in a hearing on the alleged violation. At the conclusion of the hearing, the ALJ informed Plaintiff that she had the right to appeal the decision to the Circuit Court of Cook

County within thirty-five days, as provided by the Illinois Administrative Review Law, 65 ILCS 5/1-2.1-7 and 735 ILCS 5/3-101, *et seq.* (Defs.' Memo., Ex. A, Hrg. Tr. at 13:16-18.)[2]

As alleged, these existing procedures were made available to Plaintiff and do not present an unreasonable risk of an erroneous deprivation of Plaintiff's rights. *See Clancy v. Office of Foreign Assets Control of U.S. Dep't. of Treasury*, 559 F.3d 595, 600 (7th Cir. 2009) ("The relevant inquiry is not what additional procedures might be helpful but whether the existing procedures are constitutionally defective because they present an unreasonable risk of an erroneous deprivation of the private interest, in light of a particular situation."); *Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003) ("While a plaintiff is not required to exhaust state remedies to bring a section 1983 claim, this does not change the fact that no due-process violation has occurred when adequate state remedies exist. The whole idea of a procedural due-process claim is that the plaintiff is suing because the state failed to provide adequate remedies."); *see also Michalowicz*, 528 F.3d at 535 ("[W]e should not reject [a state-law remedy as inadequate] unless the remedy . . . can readily be characterized as inadequate to the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due-process relief guaranteed by the fourteenth amendment.") (citation omitted).

Here, Plaintiff had the opportunity to challenge the NOV and make her arguments to the ALJ at the hearing. To the extent that Plaintiff's concerns address the soundness of the ALJ's judgment, not the adequacy of the notice and opportunity to be heard afforded by the Ordinance,

---

[2] "[I]t is well-established that district courts may take judicial notice of certain documents — including records of administrative actions — when deciding motions to dismiss." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011) (citing *Fornalik v. Perryman*, 223 F.3d 523, 529 (7th Cir. 2000); *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997)).

Plaintiff could have appealed the ALJ's ruling to the Circuit Court of Cook County. Therefore, given the availability of state remedies that have not been shown to be inadequate by the allegations in the Complaint, it does not appear that Plaintiff's procedural due-process rights were violated; and Defendants' Motion to Dismiss Count II is granted.

*Count III – Due-Process Claim for Untimeliness*

The City argues that Count III should be dismissed for failure to state a procedural due-process claim of timeliness. Plaintiff alleges that she was prejudiced in her ability to defend herself at the hearing because she was not able to investigate the facts related to the alleged violation on her property at or near the time of the inspection. The alleged violation occurred June 3, 2015; and the NOV is dated December 4, 2015.

The cases Plaintiff cites in support of her argument regarding the delay between the violation and the issuance of the NOV are inapposite to the facts here. The complainants in the cases Plaintiff relies on were not afforded a "pre-deprivation" hearing. *See Fuentes v. Shevin*, 407 U.S. 67, 96 (1972) (state replevin statutes violate due process if they "deny the right to a prior opportunity to be heard before chattels are taken."); *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 18 (1978) (utility customer entitled to "some administrative procedure" to contest an erroneous bill before termination of service); *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 547 (1985) (in the employee termination context, "the process that is due is provided by a pretermination opportunity to respond" and post-termination administrative procedures). That is not the case here. Plaintiff was afforded a pre-deprivation hearing.

As the City points out, it must verify the property ownership and owner's address before a violation notice may issue. Thus, it is not always feasible to notify owners of vacant property of a violation at the time of inspection; and, therefore, the City uses photographs to document the

property's condition at the time of inspection. The Seventh Circuit has noted, in addressing the lack of a statute of limitations for violations of the Ordinance, "[t]here is no rule, in the Constitution or for that matter common law, that every claim must have a cut-off date … It would be very difficult to design a statute of limitations for enforcement of the [Ordinance]." *Disc. Inn*, 803 F.3d at 327. While a six-month passage of time occurred before Plaintiff received the NOV was a delay, it is not a basis to determine Plaintiff's rights were violated.

*Count IV – Due-Process Claim for Failure to Train*

Count IV, labeled "Failure to Train," does not plead a free-standing cause of action. In her Response, Plaintiff admits that Count IV is "not a free-standing claim" and is dependent on Counts II or III. Resp. at 10. Because Count IV is not a free-standing claim, it is dismissed, as it is duplicative of Counts II and III. *See, e.g., Second Amendment Arms v. City of Chicago*, No. 10-cv-4257, 2012 WL 4464900, at *10-11 (N.D. Ill. Sept. 25, 2012) ("[Plaintiffs' separate *Monell* claim] either duplicates [their] § 1983 claims . . . or states only a theory under which Plaintiffs might recover for other constitutional violations but does not present a viable claim in and of itself. Either way, it does not currently state an independent claim upon which relief may be granted."). Therefore, the Motion to Dismiss Count IV is granted.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [12] is granted. Plaintiff's Complaint is dismissed. Defendant Sonya Campbell is removed from this action. Plaintiff is given leave to file an amended complaint within thirty days from the date of this Order, if she can do so under Rule 11.

Date: 11/4/16

JOHN W. DARRAH
United States District Court Judge